Pearson, J.
 

 The facts appeared to be these. One Green died in 1831, domiciled in the Slate of South Carolina, leaving a will, by which he bequeathed to his wife, Hannah, one third of the hires of his negroes during her widowhood, and to his daughter Margaret “the use of all of his property,” (subject to the bequest to his wife before given,) “during her natural life, and at her death to the heirs of her body,
 
 share and share alike,
 
 but if she dies without leaving issue, then to his brothers and sisters.”— The executors named did not qualify, and the widow was-appointed administratrix with the will annexed. Therfe were nine negroes, and in 1333 she sold some of them to ope Sparkman for $4200, and took his bonds therefor with interest payable annually. In January 1839 she removed with her daughter to Rockingham in Richmond Comity, and at the end of that year purchased from one Leak a house and lot in said town for @1500, which she paid out of a payment made to her by Sparkman on his bond for the negroes, and took a deed to herself in fee simple. In October 1840, Margaret married the defendant McDonald, and in November of that year, McDonald executed to the said Hannah Green a release of all his right and claim to the said house and lot. In 1841 the said Hannah'Green intermarried with the defendant, Zimmerman; and in 1843, they removed from Rockingham and left McDonald and his wife in possession of his house and lot. In 184t-42-43, Mrs. Zimmerman received from Sparkman $13-51 72, which she paid over to McDonald. In 1845 Mc« Donald executed a deed to the plaintiffs, u hereby he conveyed to them all his estate, interest and claim to the said house and lot, “both at law and in Equity,” in trust to indemnify them as his sureties. ■ - -
 

 
 *60
 
 Mrs. Zimmerman has an account against her daughter, Margaret, for expenses in her maintenance and education, &c., for nine years, amounting to about $3000, over and above her share of the hires of the negroes and the interest on the bond of Sparkman This account the .defendants, McDonald and wife Margaret, admit to be just, as the said Margaret had been a sickly child, and the medical bills and contingent expenses on her account had been very large.
 

 The plaintiffs by their bill insist, that Mrs. McDonald was entitled to an absolute estate in the slaves, under the will of her father and as the slaves were sold by the ad-ministratrix and the proceeds invested in the house and lot, she was entitled to the house and lot; and as'she has children by her husband, he is entitled as tenant by the
 
 eurtesy initiate
 
 to a life estate, and, by his deed in ISIS, his éstate was assigned to them. The prayer is, that “the defendants may be decreed to convey to the plaintiffs such legal estate as they may be entitled to, and that they may have immediate possession thereof, and an account of the profits,” &c.
 

 The defendants admit the facts as above stated ; but they allege, that the defendant, Mrs, Zimmerman, purchased the house and lot from her son in law: that upon the intermarriage of the defendant, McDonald, with the defendant Margaret, he, by way of making his election to hold on to the right of his wife in the negroes or the proceeds thereof, as invested in the note of Sparkman, éxe--cuted a release to all claim in the house and lot, and, af-terwards, before he made the deed to the plaintiffs in. 1845, received some $1300 of the principal of the bond of Sparkman, which, taking into consideration the amount due for and on account of the expense of maintaining and educating his "wife, was much more than was due; if she was only entitled to receive the profits during her life.
 

 
 *61
 
 It is proven by the depositions of two gentlemen of the bar in the State of South Carolina, that, by the law of that State, Mrs. McDonald was only entitled to a life estate, and her children take the remainder as
 
 purchasers.
 
 So, the defendant, McDonald, was only entitled to the profits during the coverture ; and, he,
 
 at his option,
 
 had a right, perhaps, to follow the fund in its altered form.—
 
 Adams' Doctrine of Equity
 
 144. But so far from making his election to follow the fund in its altered form, he expressly waived all such right, long before he made the deed to the' plaintiffs, by his release or by hiS reception of $1300 of the original fund, after its conversion into the bond of Sparkman.
 

 The deed to the plaintiffs passes the right and interest ofMeDonald in and to the house and lot. He had right or interest, and, of course, the deed passed nothing. If the deed had passed all of McDonald’s right and in* tereBt in and to the estate of his wife’s father, the plaintiffs would have been entitled to an account. As it is, the bill must be dismissed with costs.
 

 Pee CURIAM. Decree accordingly-.